Santos TAFOYA; Laurie Tafoya, Plaintiffs–Appellants,

v.

COUNTY OF FRESNO, a local public entity; Steve Magarian, an individual, Defendants–Appellees.

No. 00–15410.

D.C. No. CV–98–05988–REC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 13, 2001.

Decided July 17, 2001.

Before HILL,* GRABER, and McKEOWN, Circuit Judges.

MEMORANDUM **

Santos and Laurie Tafoya appeal the district court's grant of summary judgment to defendants on each of their claims. For the following reasons, we affirm the judgment of the district court.

1. *The Section 1983 Claim.*

Santos Tafoya contends that he was dismissed by defendants in retaliation for protected behavior—court testimony in support of some other Sheriff's Department officers who sued the department alleging discrimination. Since such speech is constitutionally protected, dismissal in retaliation is unlawful. *Crawford–El v. Britton,* 523 U.S. 574, 593, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998).

In order to prevail, Tafoya must prove that his testimony was a substantial motivating factor in his subsequent termination. *Huskey v. City of San Jose,* 204 F.3d 893, 899 (9th Cir.2000). He was ter-

---

* The Honorable James C. Hill, Senior Circuit Judge, United States Court of Appeals for the Eleventh Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

minated, however, more than six years after his testimony. Furthermore, he offers no substantial evidence of any causal link between his testimony and his termination.

In an effort to establish such a link, Tafoya alleges a pattern of unsubstantiated discipline following his trial testimony. He also concedes, however, that only two months after his testimony Sheriff Magarian recommended him for a commendation. The first adverse employment action took place some two years later, and he does not link it or any of the other incidents to his trial testimony, other than to show that they occurred after the testimony. We have recently held that a retaliation case cannot be supported solely on the basis of the logical fallacy of *"post hoc, ergo propter hoc,* literally, 'after this, therefore because of this.'"* *Huskey,* 204 F.3d at 899. Since Tafoya offers no more, we are unable to conclude that the district court erred when it held there was not a triable issue of fact with regard to this claim.

2. *Invasion of Privacy: Improper Questioning.*

■ Tafoya alleges that some of the questions he was asked during the investigation resulting in his termination constituted an invasion of privacy. We disagree. Under the circumstances of this case, the department has an obligation to investigate the specific allegations of marital abuse, and we cannot say that the questions about which he complains were improper as a matter of law. *See Fleisher v. City of Signal Hill,* 829 F.2d 1491 (9th Cir.1987).

3. *Deprivation of Property.*

■ Tafoya also claims that the county unconstitutionally denied him his property—his retirement benefits—without due process of law. We conclude, however, that the district court correctly held that the postponement of benefits pending the

outcome of Tafoya's appeal did not constitute a denial.

Finding no other reversible error, we hold that summary judgment on all claims was properly entered for defendants. Accordingly, we AFFIRM.